# Reed, Appellant, *v.* Knecht.

*Affidavit of defense—Mortgage—Personal services—Agreement to satisfy.*

An affidavit of defense to a scire facias sur mortgagë is sufficient to prevent judgment, which avers certain personal services rendered by defendant to the plaintiff, the money value of such services, and that plaintiff in consideration of the same had agreed to satisfy the mortgage.

Argued Dec. 8, 1909. Appeal, No. 103, Oct. T., 1909, by plaintiff, from order of C. P. Schuylkill Co., July T., 1908, No. 260, discharging rule for judgment for want of a sufficient affidavit of defense in case of E. Edward Reed, administrator of the Estate of Elias E. Reed, deceased v. Mary M. Knecht. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Scire facias sur mortgage.

Rule for judgment for want of a sufficient affidavit of defense.

BECHTEL, J., filed the following opinion.

In this case a rule was granted September 7, 1908, returnable September 21, 1908, to show cause why judgment should not be entered for want of a sufficient affidavit of defense. Subsequent thereto, to wit, December 2, 1908, supplementary affidavit of defense was filed, the proceeding being a sci. fa. sur mortgage.

The affidavit of defense alleges inter alia, that prior to the date of the mortgage Elias E. Reed was indebted to the defendant in the sum of about $110; that subsequent to the date of said mortgage, the said defendant on several occasions and for several weeks at a time, nursed and attended said plaintiff, at different places and that the services so rendered by the defendant were worth the sum of $500. That the said Elias E. Reed instead of paying defendant for said services, and the money which he owed, as defendant alleges, did in consideration of the same agree that he would satisfy said mortgage of record.

Counsel for plaintiff has placed a suggestion on the record, under date of December 30, 1908, suggesting the death of Elias E. Reed and substituting E. Edward Reed, administrator of his estate, as plaintiff.

It has been strongly urged upon the court by counsel for plaintiff that in these proceedings no defense can be set up save that of payment. We find no fault with this contention, as a general proposition of law, but are not convinced that the affidavit of defense here filed does not come within this rule.      .

The services, which it is alleged defendant rendered to plaintiff, and the money which she claims to be due her from him are not set forth as items of set-off, and therefore we do not think are required to be set out with the definiteness of a statement of claim. The affidavit of defense relies upon an agreement between the plaintiff and the defendant in con-

sideration of the services and money due, whereby plaintiff agreed with defendant to satisfy the mortgage upon which the sci. fa. is now being issued. His right to enter into an agreement if he saw proper to do so, cannot be disputed, and if such an agreement be established by competent evidence to the satisfaction of the jury, it is equally clear that it would be a good defense. The question as to whether or not, in view of the death of the plaintiff, defendant can establish this agreement by competent evidence is not now before us.

And now February 15, 1909, rule for judgment for want of a sufficient affidavit of defense is herewith dismissed.

*Error assigned* was the order of the court.

*James B. Reilly,* with him *I. A. Reed,* for appellant.

*John F. Whalen,* for appellee.

OPINION BY BEAVER, J., March 3, 1910:

In an opinion, discharging the rule for judgment for want of a sufficient affidavit of defense, the court below quite fully states the facts alleged in the affidavit as constituting a defense to the claim of the plaintiff, which is a scire facias upon a mortgage.

The defendant alleges in her supplemental affidavit of defense that she rendered services to the plaintiff's decedent of great value at Philadelphia and at Pottsville, whilst he was suffering from an affection of the eyes, which said services to a great extent resulted in his recovery. · The defendant also states the value of the services, that they were so recognized by the decedent and that, in consideration thereof, he expressly promised that he would not collect but would satisfy the mortgage upon which suit is brought.

If the defendant, at the trial of the case, can, by competent and sufficient evidence, establish the allegations of her affidavit of defense, they would clearly constitute a complete defense to the plaintiff's claim. The competency and sufficiency of the evidence can only be determined when she offers it. For

the present her allegations are to be taken as facts, and we quite agree with the court below that, if they are established, they will constitute a good defense to the plaintiff's claim.

Judgment affirmed.